Electronically Filed - St Louis County - March 07, 2016 - 09:35 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI**

| | | |
|---|---|---|
| **KAREN M. DONNELLY**, individually, and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. |
| v. | ) ) | Division No. |
| **APPLIED BUSINESS SERVICES, INC. D/B/A SECURITY COLLECTION AGENCY**, both as a company as well as its various owners, | ) ) ) ) ) | **CLASS ACTION LAWSUIT** |
| <u>Serve at:</u> **Security Collection Agency 617 Soundside Road Edenton, NC 27932** | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**<u>PETITION FOR DAMAGES</u>**

      **COMES NOW** Plaintiff Karen M. Donnelly ("Plaintiff"), individually, and on behalf of all others similarly situated by her undersigned counsel, and for her Class Action Petition against Defendant Applied Business Services, Inc. d/b/a Security Collection Agency ("Defendant") states as follows:

**Introduction and Parties**

      1.    This is an action for damages brought by an individual consumer, both in her individual capacity and on behalf of all other consumers similarly situated, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (the "FDCPA").

      2.    Plaintiff is an individual who at all times material to this Petition resided and still does reside in St. Louis County, State of Missouri. Venue is appropriate in this Court because Plaintiff resides in Saint Louis County, Missouri.

3.      Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692a(3), because she is allegedly obligated to pay a consumer debt.

4.      Defendant is a North Carolina corporation in good standing. Despite operating in the State of Missouri, Defendant has failed to maintain the appropriate foreign registration to transact business in Missouri. Therefore, Defendant may not be afforded the protection of its corporate veil for its actions taken in Missouri, and Defendant's owners themselves are liable for Defendant's actions. Therefore, they, too, are included in this Petition; any reference to "Defendant" includes Defendant's owners.

5.      Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692(a)(6), because its principal business is the collection of debts, it uses interstate commerce or the mails to collect said debts, and it regularly collects or attempts to collect debts owed to other parties.

6.      At all times relevant hereto, Defendants conducted substantial and continuous business with and have had substantial and continuous contacts with the State of Missouri and the County of St. Louis. Defendant continues to conduct substantial and continuous business with and still has substantial and continuous contacts with the State of Missouri and the County of St. Louis.

**Defendant mails correspondence addressed to Plaintiff**

7.      On or about March 13, 2015, Defendant mailed written correspondence to Plaintiff concerning the collection of a purported consumer medical debt allegedly owed by Plaintiff.

8.      The correspondence states, "If you ignore this request for payment, we will refer your account back to our client for collection and recommend that they pursue all collection methods allowed by law."

Electronically Filed - St Louis County - March 07, 2016 - 09:35 PM

9.      Immediately following this statement, the correspondence further states, "In addition, this debt will be recorded in your credit file and will remain there for **seven years**. If you apply for credit in the future, any credit grantor that requests your credit record will see this unpaid debt on your file." (Emphasis in original.)

10.     Although Defendant used the phrase "will be recorded", Defendant has previously reported the account on Plaintiff's credit report – one report of $838 on February 28, 2014 and another report of $208 on February 27, 2015. The credit reports place the original date of delinquency for the $838 account at June 2013 and the original date of delinquency for the $208 account at June 2014. Therefore, per Plaintiff's credit report, these amounts would come off of Plaintiff's credit report (regardless of the reporting date) by June 2020 and June 2021, respectively.

11.     As a result, Defendant is using deceptive means to collect a debt by threatening to report on a consumer's credit if that consumer does not pay because such reporting has already taken place by Defendant, and the damage for each targeted consumer has already taken place.

12.     Defendant's correspondence made it seem that by recording upon Plaintiff's credit report, the seven years would begin upon the date of recording. In fact, negative tradelines typically remain on consumers' credit reports for seven years *after the date of delinquency* for most information before credit reporting agencies remove the tradelines.

13.     In other words, if a collection account was delinquent six years and ten months earlier and Defendant sent this letter to a consumer, the unsophisticated consumer would be misled into believing that such an account would not come off for a full seven years. In reality, the negative tradeline would only remain on that consumer's credit report for two months.

14.     As a result, Defendant is using deceptive means to collect a debt every time that it sends a collection notice like the one referenced above to a consumer.

15.     These actions were not inadvertent by Defendant – they are intentional, frequent and persistent. Defendant sent another letter on September 30, 2015, two more letters on October 9, 2015 and yet another letter on November 2, 2015, all of them threatening to place the debt on Plaintiff's credit file unless Plaintiff paid Defendant. These threats again were made despite the fact that Defendant had already placed the debt on Plaintiff's credit file back in February 2015 and February 2014.

16.     In fact, Plaintiff had a phone conversation with Defendant on November 12, 2015. In that phone call, Defendant admitted that it had threatened Plaintiff with placing the debt on her credit file in March 2015 even though it had already placed the debt on her credit file a month earlier.

17.     Even more outrageous, Defendant then sent two more letters on November 24, 2015 once again stating that the debt would be placed on Plaintiff's credit file and then remain on her credit report for seven years.

18.     As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the legal rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish the Defendant and/or to deter it and others from such blatant violation of federal law in the future.

### Count I – Violation of the FDCPA, 15 U.S.C. § 1692e and 1692f

19.     Plaintiff realleges and incorporates by reference all of the previous paragraphs.

20.     This Court has jurisdiction over this FDCPA claim under 15 U.S.C. § 1692k(d).

- 4 -

21.     The FDCPA, 15 U.S.C. § 1692e(5), provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:  The threat to take any action that cannot legally be taken or that is not intended to be taken.

22.     The FDCPA, 15 U.S.C. § 1692e(10), provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer.

23.     The FDCPA, 15 U.S.C. § 1692f, provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

24.     The FDCPA, 15 U.S.C. § 1692k(a), provides a private right of action for actual damages, statutory damages of up to $1,000.00 and statutory damages for a class of consumers equal to the lesser of $500,000.00 or 1% of Defendant's net worth, attorney's fees and costs.

25.     Plaintiff brings this action pursuant to the provisions of Missouri Supreme Court Rule 52.08 individually, and on behalf of a Missouri class, defined as:

> All persons with Missouri mailing addresses, within the relevant statute of limitations period, to whom Defendant sent correspondence stating that Defendant is attempting to collect a debt and that this debt will be recorded in your credit file and will remain there for seven years. Excluded from the class are all persons whose correspondence was returned to Defendant as undeliverable.

26.     Furthermore, Plaintiff seeks to represent a Missouri sub-class defined as follows:

> All persons with Missouri mailing addresses, within the relevant statute of limitations period, to whom Defendant sent the above-referenced correspondence stating that Defendant will record the debt on that person's credit report unless the consumer pays Defendant, when in fact Defendant had already reported on that consumer's credit report.

Collectively, the Missouri class and the Missouri sub-class are referred to as the "Class".

27. Upon information and belief, Defendant sent the aforementioned debt collection correspondence containing blatantly false, deceptive, and/or misleading representations to hundreds or thousands of persons with Missouri mailing addresses.

28. Defendant's mailing of correspondence with such blatantly false, deceptive, and/or misleading representations to Plaintiff and the Class members is a violation of the provisions set forth in 15 U.S.C. § 1692e and 1692f.

29. Upon information and belief, there are hundreds or thousands of persons in the Class, and the Class is so geographically diverse that joinder of all members is impracticable.

30. Plaintiff's claims are typical of the class she seeks to represent. Plaintiff and members of the Class were sent correspondence from Defendant with blatantly false, deceptive, and/or misleading representations. Plaintiff's claims and the claims of the Class members are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the Class.

31. There are questions of law and fact common to the Class. Common questions include:

a.    Whether Defendant is a debt collector as defined by the FDCPA;

b.    Whether said correspondence mailed by Defendant was an attempt to collect a debt;

c.    Whether Defendant's language in the debt collection correspondence constitutes false, deceptive, and/or misleading representations;

d.    Whether Defendant's language in the debt collection correspondence is an unfair or unconscionable means to collect or attempt to collect any debt; and

e.    Whether Plaintiff and members of the Class are entitled to damages under the FDCPA.

32.    Plaintiff will fairly and adequately represent the Class members. Plaintiff has retained counsel experienced in the prosecution of class actions. Plaintiff is committed to vigorously prosecuting the claims presented in this Petition. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to or in conflict with the absent Class members.

33.    There are questions of law and fact common to the members of the proposed Class that predominate over any questions of fact affecting any individual member of the Class.

34.    A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual Class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for Class members to seek redress individually.

### Count II – Declaratory Judgment Regarding Defendant's Corporate Veil
*Violation of MO. REV. STAT. §§ 351.572 and 351.586*

35.    Plaintiff realleges and incorporates by reference all of the previous paragraphs.

36.    Defendant is a foreign corporation, and it transacts business in the State of Missouri.

37.    MO. REV. STAT. § 351.572 states, in relevant part, that "[a] foreign corporation may not transact business in this state until it obtains a certificate of authority from the secretary of state."

38.    MO. REV. STAT. § 351.586 states, in relevant part, that "[e]ach foreign corporation authorized to transact business in this state shall continuously maintain in this state: (1) [a] registered office that may be the same as any of its places of business; and (2) [a] registered agent."

- 7 -

39. Defendant has failed to maintain a foreign registration despite transacting business in the State of Missouri in direct violation of MO. REV. STAT. § 351.572.1.

40. Defendant has failed to maintain a registered office and a registered agent with the Missouri Secretary of State in direct violation of MO. REV. STAT. § 351.586(1) and (2).

41. A foreign business entity must follow Missouri's statutes and rules in order to be afforded the protection of limited liability when operating in Missouri. To hold otherwise would mean that businesses could merely ignore our state's laws despite operating within our borders.

42. Pursuant to Missouri Supreme Court Rule 87.02(a), "[a]ny person … whose rights, status or other legal relations are affected by a statute … may have determined any question of construction or validity arising under the … statute … and obtain a declaration of rights, status or other legal relations thereunder."

43. Pursuant to Missouri Supreme Court Rule 87.02(d), "anyone may obtain such relief in any instance in which it will terminate a controversy or remove an uncertainty."

44. This is a ripe, justiciable controversy because Defendant's failure to comply with Missouri's laws is a real, substantial, presently existing controversy between Plaintiff and Defendant. Plaintiff seeks the specific relief that this Court ignore Defendant's veil of limited liability for purposes of this suit so that this suit may proceed against Defendant's owners as well as Defendant.

45. A statement by this Court would declare the existing law (whether Defendant is entitled to legal protection without meeting Missouri's legal prerequisites for foreign corporations) on an existing state of facts (that Defendant failed to follow those legal prerequisites at any time while conducting business in Missouri).

46.     The right to litigate against certain individuals or entities instead of their supposed legal entity because they have failed to comply with necessary legal prerequisites is a legally protectable interest.

47.     Should this Court not grant a declaratory judgment on this issue, Plaintiff will be left without an adequate remedy at law in that this is the only way to determine that Defendant is not entitled to limited liability protection in the form of its corporate veil.

### Demand for Judgment

**WHEREFORE**, Plaintiff Karen M. Donnelly, individually, and on behalf of all others similarly situated, requests that the Court grant the following relief:

a.     Enter an order, pursuant to Missouri Supreme Court Rule 52.08(b)(3), certifying this action as a class action and appointing Plaintiff Karen M. Donnelly as representative of the Class;

b.     Entering an order appointing Donner Applewhite, Attorneys at Law as counsel for the Class;

c.     Enter judgment in favor of Plaintiff and the Class for all damages available under the FDCPA and their reasonable attorney fees;

d.     Award Plaintiff and the Class all expenses of this action, and require Defendant to pay the costs and expenses of Class notice and claims administration;

e.     A declaration by this Court that Defendant is not entitled to the protection of its corporate veil due to its failure to comply with Missouri law and that its owners are therefore included in this lawsuit;

f.     An award of punitive damages against Defendant for its intentional, frequent and persistent non-compliance with federal debt collection laws; and

g. Award Plaintiff and the Class such further and other relief as the Court deems just and appropriate.

## **Demand for Jury Trial**

Plaintiff requests a trial by jury, in the Circuit Court of Saint Louis County, Missouri on all counts in this Petition so triable.

Respectfully submitted,

**DONNER APPLEWHITE, ATTORNEYS AT LAW**

By: */s/ Steven A. Donner*
  Steven A. Donner #63789
  Thomas R. Applewhite #64437
  1108 Olive Street, Suite 200
  St. Louis, Missouri 63101
  Phone:  (314) 240-5350
  Facsimile: (888) 785-4461
  Email:  steve.donner@da-lawfirm.com
      tom.applewhite@da-lawfirm.com

  *Attorneys for Plaintiff*